MURPHY & FRELIGH, Appellants *vs.* CAMDEN, Respondent.

I. A member of a firm gave the check of the firm to pay a note of another firm of which he was a member, at a banking house, where it was deposited by the holder for collection. *Held,* the firm, out of whose money the note was paid, cannot recover it back, the banker having no notice of the want of authority of the member who drew the check. His notorious insolvency is not constructive notice of his want of authority.

*Appeal from St. Louis Court of Common Pleas.*

*Knox & Kellogg,* for appellants.
*E. & B. Bates,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

The plaintiffs, late partners, doing business under the name and style of "Murphy & Co.," filed their petition, and stated that the defendant, John B. Camden, is indebted to them in the sum of $1,150, that being the amount of a certain check filed in this case; said check being No. 2,623, dated May 22d, 1850, drawn on Loker, Renick & Co., by Simon H. Allen, in the name of Murphy & Co. The plaintiffs aver that the check was given for the purpose of paying a note of Lewis

& Co., for $1,150, (which firm of Lewis & Co. was, at the date of the note, composed of Andrew Lewis and Simon H. Allen;) the note bore the date of January 19th, 1850, payable four months after date, and is filed in this case.   The plaintiffs state further, that said sum of $1,150 was received by said Camden, with notice that the same was the money of the plaintiffs; that said sum of money was paid without the knowledge or consent of the said John J. Murphy and John H. Freligh.   The plaintiffs claim this sum and the interest from the time it was received.

The defendant answered and denied that he is indebted to the plaintiffs in the sum of $1,150, or in any other sum, as stated in their petition.   He denied having any knowledge sufficient to form a belief of the truth of any of the allegations in the petition, about a check alleged to have been drawn on Loker, Renick & Co., for he knew nothing at all about such a check. The defendant stated, that he held a note of Lewis & Co. for $1,150, which he supposes to be the note referred to in the petition; that shortly before this note became due, he deposited it for collection, at the banking house of E. W. Clark & Bros., at St. Louis, and he supposes that the same was there paid, as he received credit with said banking house for the amount thereof; but how, or in what manner it was paid, he has no knowledge whatever, and he denies the allegations of the petition, that he received any money of the plaintiffs, with notice that it was their money, and that it was paid without the consent of said Murphy and Freligh.

The case was submitted to the court without a jury, and the court found for the defendant.

The following facts were agreed upon by the parties: That the note of Lewis & Co. was left by defendant with the banking house of E. W. Clark & Bros. for collection, on the 29th April, 1850, and on the 22d May, 1850, it was there paid by the check of Murphy & Co., and the amount passed to the credit of defendant on the books of Clark & Bros., and by the defendant so received; that the firms of Murphy & Co. and

Lewis & Co. were composed, as stated, of the persons mentioned above ; that both the note and check were signed in the hand-writing of Simon H. Allen, a member of both firms. The defendant had no personal knowledge of how the note was paid, unless the facts above stated show knowledge, and, in fact, had no knowledge about it except as above stated. The plaintiff further proved that, when said note and check were paid, and for a long time before, the said Simon H. Allen was, and had been, notoriously insolvent.

The court found the facts as agreed upon above, and that Allen was, at the time of these transactions, notoriously insolvent, and had been so for a long time before, and is still so, and thereupon declares, that the plaintiffs are not entitled to recover. Judgment. was accordingly given for defendant. Motion was made for review, which being overruled, the plaintiffs bring the case here by appeal.

For the appellants it is contended, that Allen had no authority to use the money of plaintiffs who composed the firm of Murphy & Co., to pay the debt of Lewis & Co., a firm composed of Andrew Lewis and Simon H. Allen ; and if such authority existed in fact, it was incumbent on defendant to prove it. They further contend, that if Allen had paid to Camden the note of Lewis & Co., by drawing and delivering to him the check of Murphy & Co., it would have been actual notice to defendant that Allen was paying the debt of Lewis & Co., with funds which he had no authority thus to use. They then contend, that E. W. Clark & Bros. were the agents of defendant for the collection of said note, and received said check in payment of the same ; and that defendant's agents having notice of the facts, he is as liable to the plaintiffs as if he had received the check himself. They also contend, that Allen's notorious insolvency was sufficient to repel any presumption of authority to employ the funds of Murphy & Co. to pay his own debt or the debts of Lewis & Co. Upon the whole, that the defendant has received their money without their authority or consent, for a debt for which they were in no wise liable, and having so re-

ceived it, he ought to return it, and he is bound, *ex æquo et bono*, to pay the same back to the plaintiffs.

The defendant contends, that the plaintiffs cannot recover money received upon their own check. The presumption of law is, that it was properly issued, and nothing appearing to the receiver to impeach it, he was under no obligation to make inquiries about it; that there is nothing to show that Lewis & Co. did not give value for the check of Murphy & Co., and it does appear that they passed it for full value to the bankers, with whom their note was deposited for collection; that the defendant had no actual knowledge of the manner in which the note was paid, and the fact that the bankers accepted from Lewis & Co., in payment of the note, a check of Murphy & Co., is no evidence that they or Camden knew any thing of its origin or consideration.

1. The facts of this case, in the opinion of this court, as they appear on the record, fully sustain the decision and judgment of the court below. The principle is well established, that a partner cannot use the name of the firm to bind it for his individual debt, nor has he the right to appropriate the property of the firm for that purpose. The facts of this case, however, do not present this question. The man to whom an individual is indebted cannot but know that, should he receive the check of a firm of which his debtor is a member, in payment of such individual indebtedness, such payment would be from the means of a firm that did not owe him. He would be in receipt of their money, having no just demand against them. To be liable, then, to pay it back, would be nothing more than justice and right, under the circumstances, he having knowledge sufficient to put him on inquiry—on his guard. But, in this case, a firm owes Camden a debt, and one member of that firm gives the note of the firm, payable on time. This note is placed with a banker for collection. The member of the firm who gave the note, being the member of another and distinct firm, gives a check in the name of the last firm to pay the note given by him in the name of the first firm. Now all

this may be proper and right, for it may result from an understanding of these firms, the person giving the note and check being a member of each. The banker could not know any thing to the contrary. There is nothing appearing to give him knowledge of the consideration of the note; nothing as to the consideration which might move the last firm to check for the payment of the note of the first firm. There is but one solitary circumstance relied on to furnish the grounds of constructive notice in this case; that is, the notorious insolvency of Allen, the partner of both firms, the person who drew the note and the check. This is not sufficient. The plaintiffs, then, having failed to make out their case, the court below properly found against them. Its judgment is affirmed, the other judges concurring.